IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 C 0773 |
| SYNERGY LOGISTICS, LLC, an Indiana limited liability company; AAA WAREHOUSE LOGISTICS CORPORATION, an Indiana corporation; GOODWOOD & STONE CONSTRUCTION, Inc., an Indiana corporation; THE L GROUP, LLC, an Indiana limited liability company; THE LARMAN COMPANY, an Indiana corporation; LARMAN PROPERTIES, L.P., an Indiana limited partnership; ST. CLAIR PROPERTIES, L.P., an Indiana limited partnership; STOUT FIELD PROPERTIES, LLC, an Indiana limited liability company; and SYNERGY FREIGHT SERVICES, LLC, an Indiana limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Milton I. Shadur Distict Judge |
| Defendants. | ) | |

**MOTION FOR ENTRY OF JUDGMENT AGAINST
CHARLES LARMAN PURSUANT TO RULE 69 OF THE F.R.CIV.P.**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard

McDougall, trustee, (collectively referred to as the "Pension Fund"), pursuant to Rule 69

of the Federal Rules of Civil Procedure and 735 ILCS 5/2-1402(c)(3), hereby move this

Court for entry of an order of judgment against Charles Larman. In support thereof, Plaintiffs state as follows:

1. On May 1, 2007, this Court entered a Default Judgment in the amount of $927,597.29 in favor of Plaintiffs and against Defendants Synergy Logistics, LLC, an Indiana limited liability company ("Synergy Logistics"); AAA Warehouse Logistics Corporation, an Indiana corporation; Goodwood & Stone Construction, Inc., an Indiana corporation; The L Group, LLC, an Indiana limited liability company; The Larman Company, an Indiana corporation ("Larman Company); Larman Properties, L.P., an Indiana limited partnership; St. Clair Properties, L.P., an Indiana limited partnership; Stout Field Properties, LLC, an Indiana limited liability company ("Stout Field Properties"); and Synergy Freight Services, LLC, an Indiana limited liability company. (A true and genuine copy of the Default Judgment is attached hereto as Exhibit 1).

2. To date, the full amount of the Default Judgment remains due and owing by Defendants in the amount of $927,597.29 plus post-judgment interest in the amount of $111,118.42.

3. Charles Larman is an owner and officer of each Defendant and is the individual responsible for determining when and what bills of Defendants are paid.

4. Plaintiffs seek entry of a judgment against Charles Larman as a corporate insider of Defendants Larman Company, Stout Field Properties, and Synergy Logistics who received corporate funds of these Defendants when these Defendants were insolvent and unable to pay their debts to the Pension Fund. As discussed below, Charles Larman, as a corporate insider, received the total amount of $1,038,715.70 as follows: (i) Larman Company - $66,417.00; (ii) Stout Field Properties - $1,007,696 ($597,315.00 + $246,681.00 + $163,700.00); and Synergy Logistics - $71,318.81.

5.  735 ILCS 5/2-1402(c)(3) provides:

When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

6.  Plaintiffs' motion for judgment against Charles Larman is supported by Matos v. Nellis, 101 F.3d 1193 (7th Cir. 1996). In Matos, a creditor obtained a judgment against a corporation that had no assets. One of the reasons the corporation had no assets was the corporation's forgiveness of loan it made to the corporate insider. The Court held that a supplemental judgment could be entered against the insider in the suit filed against the corporation because the insider and the corporation became the same after operations ceased and the insider converted corporate assets for his personal use. See Matos, 101 F.3d at 1193.

7.  Plaintiffs' claim against Charles Larman is further supported by Central States, Se. & Sw. Areas Pension Fund v. Freyco Trucking, 2004 WL 350913 (N.D.Ill. 2004) (copy attached as Exhibit 6). In Freyco, the Court allowed the judgment creditor with a judgment against a dissolved corporation to enforce the judgment directly against the corporation's distributees. The Court discussed that pursuant to Rule 69 of the F.R.Civ.P., the judgment creditor need not pursue a separate judgment against the distributees but may enforce the judgment against the distributees to the extent any assets were distributed to the distributees. The Court relied upon evidence consisting of the dissolved

corporation's financial statements as sufficient to make a prima facie showing of the amount received by the distributees. See Freyco Trucking, 2004 WL 350913, *2-3.

8. On May 10, 2007, the Clerk of Court for the United States District Court for the Northern District of Illinois issued a Citation in Supplemental Proceedings to Discover Assets against the Larman Company ("Larman Company Citation"), a Citation in Supplemental Proceedings to Discover Assets against Stout Field Properties ("Stout Field Properties Citation"), and a Citation in Supplemental Proceedings to Discover Assets against Synergy Logistics ("Synergy Logistics Citation"). (A true and genuine copy of the Larman Company Citation is attached hereto as Exhibit 2, the Stout Field Properties Citation is attached hereto as Exhibit 3, and the Synergy Logistics Citation is attached hereto as Exhibit 4). On May 17, 2007, the Citations were served on each Defendant.

9. Thereafter, in response to the Citations Larman Company, Stout Field Properties, and Synergy Logistics produced certain financial documents. On June 27, 2008, Charles Larman appeared at a Citation hearing as a representative of the Larman Company, Stout Field Properties, and Synergy Logistics. (A true and genuine copy of the transcript of the Deposition of Charles E. Larman is attached hereto as Exhibit 5 ("Deposition, page __")).

10. During the Citation hearing, Charles Larman testified that the Larman Company, Stout Field Properties, and Synergy Logistics have ceased doing business and that these companies do not have any assets to satisfy the judgment. This testimony is consistent with the financial documents produced by the Larman Company, Stout Field Properties, and Synergy Logistics.

11. Schedule L of the 2006 Tax Return revealed that the Larman Company transferred to Charles Larman in the form of a shareholder loan the amount of $66,417.00.

(A true and genuine copy of the Larman Company's Corporate Income Tax Return dated December 31, 2006 is attached hereto as Exhibit 11; Deposition, pages 59-61).

12. Schedule L of the Stout Field Properties Partnership Income Tax Return for 2006 revealed that Charles Larman received payments from the proceeds of the sale of Stout Field Properties in the form of a note receivable/trade receivable from the purchasers of Stout Field Properties in the amount of $597,315.00. (A true and genuine copy of the Return is attached hereto as Exhibit 22; Deposition, pages 46-49).

13. The K-1 of the Stout Field Properties Partnership Income Tax Return for 2005 revealed that Charles Larman received payments from Stout Field Properties in the amount of $246,681.00 in the form of shareholder distributions and as a distribution of proceeds from the sale of Stout Field Properties. (A true and genuine copy of the Return is attached hereto as Exhibit 23, page 19; a true and genuine copy Register of Charles Larman Draw is attached hereto as Exhibit 10; a true and genuine copy of the document entitled "Net Proceeds of Stout Field Properties" is attached hereto as Exhibit 21; Deposition, pages 49-50, 53-54).

14. The K-1 of the Stout Field Properties Partnership Income Tax Return for 2004 revealed that Charles Larman received payments from Stout Field Properties in the form of shareholder distributions in the amount of $163,700.00. (A true and genuine copy of the Return is attached hereto as Exhibit 24; Deposition, pages 51-53).

15. Synergy Logistics' General Ledger Report for the years 2004 and 2005 revealed that Synergy Logistics made shareholder advances to Charles Larman the amount of $71,318.81. (A true and genuine copy of the General Ledger is attached hereto as Exhibit 28; Deposition, pages 20-24).

16. Charles Larman received assets of Defendants Larman Company, Stout Field Properties, and Synergy Logistics and, thus, is liable for the debts of the Larman Company, Stout Field Properties, and Synergy Logistics to the extent of the distributions to him. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

17. As such, Charles Larman obtained improper distributions prior to Plaintiffs obtaining satisfaction of their judgment against Defendants Larman Company, Stout Field Properties, and Synergy Logistics. Because the Larman Company, Stout Field Properties, and Synergy Logistics are defunct, by receiving improper shareholder distributions Charales Larman replaces the defunct Defendants for all practical purposes, including ascertaining federal jurisdiction, and therefore Charles Larman is liable for the debts of Defendants Larman Company, Stout Field Properties, and Synergy Logistics, to the extent of the distributions received by him. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

18. The payments made by Defendants Larman Company, Stout Field Properties, and Synergy Logistics to Charles Larman should be considered loans to Charles Larman, thus, one of the reasons Defendants have no assets is Defendants' forgiveness of the loans made to Charles Larman. The Court may enter a supplemental judgment against Charles Larman because Charles Larman and Defendants became the same after operations ceased and Charles Larman converted Defendants' assets for his personal use. See Matos, 101 F.3d at 1193.

19. Charles Larman claims that the corporate funds received by him were income or a repayment of purported payments by him of the business expenses of Defendants Larman Company, Stout Field Properties, and Synergy Logistics. However, these claims and purported payment of corporate expenses are undocumented.

20. Any alleged payment by Charles Larman to Defendants Larman Company, Stout Field Properties, and Synergy Logistics should be considered capital contributions by him to Defendants, and as such, Charles Larman was not entitled to reimbursement for such alleged capital contributions. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

21. Pursuant to Rule 69 of the Federal Rules of Civil Procedure and 735 ILCS 5/2-1402(c)(3), Plaintiffs respectfully request that this Court enter judgment against Charles Larman in the amount of $927,597.29 plus post-judgment interest in the amount of $111,118.42.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment in favor of Plaintiffs and against Charles Larman in the amount of $1,038,715.70;

B. Pre-judgment interest from the date Charles Larman received the improper distributions in June 2005; and

C. For such other or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org