IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 C 0773 |
| SYNERGY LOGISTICS, LLC, an Indiana limited liability company; AAA WAREHOUSE LOGISTICS CORPORATION, an Indiana corporation; GOODWOOD & STONE CONSTRUCTION, Inc., an Indiana corporation; THE L GROUP, LLC, an Indiana limited liability company; THE LARMAN COMPANY, an Indiana corporation; LARMAN PROPERTIES, L.P., an Indiana limited partnership; ST. CLAIR PROPERTIES, L.P., an Indiana limited partnership; STOUT FIELD PROPERTIES, LLC, an Indiana limited liability company; and SYNERGY FREIGHT SERVICES, LLC, an Indiana limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Milton I. Shadur Distict Judge |
| Defendants. | ) | |

## MOTION FOR ENTRY OF JUDGMENT AGAINST JOSHUA LARMAN AND ALEXANDRA LARMAN PURSUANT TO RULE 69 OF THE F.R.CIV.P.

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, (collectively referred to as the "Pension Fund"), pursuant to Rule 69 of the Federal Rules of Civil Procedure and 735 ILCS 5/2-1402(c)(3), hereby move this

Court for entry of an order of judgment against Joshua Larman and Alexandra Larman. In support thereof, Plaintiffs state as follows:

1. On May 1, 2007, this Court entered a Default Judgment in the amount of $927,597.29 in favor of Plaintiffs and against Defendants Synergy Logistics, LLC, an Indiana limited liability company; AAA Warehouse Logistics Corporation, an Indiana corporation; Goodwood & Stone Construction, Inc., an Indiana corporation; The L Group, LLC, an Indiana limited liability company; The Larman Company, an Indiana corporation; Larman Properties, L.P., an Indiana limited partnership; St. Clair Properties, L.P., an Indiana limited partnership; Stout Field Properties, LLC, an Indiana limited liability company ("Stout Field Properties"); and Synergy Freight Services, LLC, an Indiana limited liability company. (A true and genuine copy of the Default Judgment is attached hereto as Exhibit 1).

2. To date, the full amount of the Default Judgment remains due and owing by Defendants in the amount of $927,597.29 plus post-judgment interest in the amount of $111,118.42.

3. Joshua Larman and Alexandra Larman are the children of Charles Larman and Charles Larman was an owner and officer of each Defendant and is the individual responsible for determining when and what bills of Defendants are paid. Joshua Larman and Alexandra Larman also each owned two (2%) percent of Defendant Stout Field Properties.

4. Plaintiffs seek entry of a judgment against Joshua Larman and Alexandra Larman as corporate insiders of Defendant Stout Field Properties who received corporate funds of this Defendant when this Defendant was insolvent and unable to pay its debts to

the Pension Fund. A discussed below, as corporate insiders Joshua Larman received the amount of $137,500.00 and Alexandra Larman received the amount of $177,205.78.

5. 735 ILCS 5/2-1402(c)(3) provides:

When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

6. Plaintiffs' motion for judgment against Joshua Larman and Alexandra Larman is supported by Matos v. Nellis, 101 F.3d 1193 (7th Cir. 1996). In Matos, a creditor obtained a judgment against a corporation that had no assets. One of the reasons the corporation had no assets was the corporation's forgiveness of loan it made to the corporate insider. The Court held that a supplemental judgment could be entered against the insider in the suit filed against the corporation because the insider and the corporation became the same after operations ceased and the insider converted corporate assets for his personal use. See Matos, 101 F.3d at 1193.

7. Plaintiffs' claim against Joshua Larman and Alexandra Larman is further supported by Central States, Se. & Sw. Areas Pension Fund v. Freyco Trucking, 2004 WL 350913 (N.D.Ill. 2004) (copy attached as Exhibit 6). In Freyco, the Court allowed the judgment creditor with a judgment against a dissolved corporation to enforce the judgment directly against the corporation's distributees. The Court discussed that pursuant to Rule 69 of the F.R.Civ.P., the judgment creditor need not pursue a separate judgment against

the distributees but may enforce the judgment against the distributees to the extent any assets were distributed to the distributees. The Court relied upon evidence consisting of the dissolved corporation's financial statements as sufficient to make a prima facie showing of the amount received by the distributees. See Freyco Trucking, 2004 WL 350913, *2-3.

8. On May 10, 2007, the Clerk of Court for the United States District Court for the Northern District of Illinois issued a Citation in Supplemental Proceedings to Discover Assets against Stout Field Properties ("Stout Field Properties Citation"). (A true and genuine copy of the Stout Field Properties Citation is attached hereto as Exhibit 4). On May 17, 2007, the Citation was served on Defendant.

9. Thereafter, in response to the Citation, Stout Field Properties produced certain financial documents. On June 27, 2008, Charles Larman appeared at a Citation hearing as a representative of Stout Field Properties. (A true and genuine copy of the transcript of the Deposition of Charles E. Larman is attached hereto as Exhibit 5 ("Deposition, page __")).

10. During the Citation hearing, Charles Larman testified that Stout Field Properties ceased doing business in June 2005 when it sold all of its assets and that Stout Field Properties did not have any assets to satisfy the judgment. This testimony is consistent with the financial documents produced by the Stout Field Properties.

11. The financial documents produced by Stout Field Properties in response to Stout Field Properties Citation included Stout Field Properties' tax returns, financial statements, and documents related to the sale of the company. The documents related to the sale of Stout Field Properties revealed that Stout Field Properties transferred to Joshua Larman the amount of $137,500.00 and transferred to Alexandra Larman the amount of $177,205.78 from the proceeds from the sale of Stout Field Properties. (A true

and genuine copy of a document entitled "Net Proceeds of Stout Field Properties" is attached hereto as Exhibit 21; Deposition, pages 43-45).

12. Joshua Larman and Alexandra Larman received assets of Defendant Stout Field Properties and, thus, are liable for the debts of the Stout Field Properties to the extent of the distributions to them. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

13. As such, Joshua Larman and Alexandra Larman obtained improper distributions prior to Plaintiffs obtaining satisfaction of their judgment against Defendant Stout Field Properties. Because Stout Field Properties is defunct, by receiving improper distributions Joshua Larman and Alexandra Larman replaces the defunct Defendant for all practical purposes, including ascertaining federal jurisdiction, and therefore Joshua Larman and Alexandra Larman are liable for the debts of Defendant Stout Field Properties to the extent of the distributions received by them. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

14. The Court may enter a supplemental judgment against Joshua Larman and Alexandra Larman because Joshua Larman and Alexandra Larman and Defendant became the same after operations ceased and Joshua Larman and Alexandra Larman received Defendant's assets for their personal use. See Matos, 101 F.3d at 1193.

15. Charles Larman claims that the corporate funds received by Joshua Larman and Alexandra Larman were a repayment of purported loans by them to Defendant. However, Charles Larman's claims that Joshua Larman and Alexandra Larman made loans to Defendant Stout Field Properties are undocumented.

16. Any alleged payments by Joshua Larman and Alexandra Larman to Defendant Stout Field Properties should be considered capital contributions by them to

Defendant, and as such, Joshua Larman and Alexandra Larman were not entitled to reimbursement for such alleged capital contributions. See Matos, 101 F.3d at 1193 and Freyco Trucking, 2004 WL 350913.

17. Pursuant to Rule 69 of the Federal Rules of Civil Procedure and 735 ILCS 5/2-1402(c)(3), Plaintiffs respectfully request that this Court enter judgment against Joshua Larman in the amount of $137,500.00 and Alexandra Larman in the amount of $177,205.78.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment in favor of Plaintiffs and against Joshua Larman in the amount of $137,500.00 and Alexandra Larman in the amount of $177,205.78;

B. Pre-judgment interest from the date Joshua Larman and Alexandra Larman received the improper distributions in June 2005; and

C. For such other or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org